AVESTA SHEFFIELD, INC., BRISTOL METALS, INC., DAMASCUS TUBE DIVISION, DAMASCUS-BISHOP TUBE CO., TRENT TUBE DIVISION OF CRUCIBLE MATERIALS CORP, AND THE UNITED STEELWORKERS OF AMERICA (AFL-CIO/CLC), PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AND SAMMI METAL PRODUCTS CO., LTD., AND PUSAN STEEL PIPE CO., LTD., DEFENDANT-INTERVENORS

Court No. 93–01–00062

(Dated March 31, 1994)

*Collier, Shannon, Rill & Scott (David A. Hartquist, Jeffrey S. Beckington* and *Kathleen W. Cannon)* for plaintiffs.

*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Cynthia B. Schultz), Michelle K. Behaylo,* Attorney Advisor, office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Morrison & Foerster (Donald B. Cameron, G. Brian Busey* and *Craig A. Lewis)* for defendant-intervenors.

## OPINION

RESTANI, *Judge:* This challenge to a United States Department of Commerce ("Commerce") antidumping duty determination is before the court following remand to recalculate foreign market value ("FMV") with no circumstance of sale adjustment for value-added taxes ("VAT"). *See Avesta Sheffield, Inc. v. United States,* Slip Op. 93–217, at 13–14 (Nov. 18, 1993) *("Avesta I").* Furthermore, in a previous order the court approved Commerce's determination to adjust United States Price ("USP"), pursuant to 19 U.S.C. § 1677a(d)(1)(C) (1988), by applying the foreign market VAT rate to the price of the merchandise sold for the United States market. At this point in the proceedings, this methodology is not at issue. Apparently, Commerce made additional adjustments with which plaintiffs take issue.

First, Commerce and plaintiffs have now agreed that a VAT adjustment should not be made to USP when the FMV being compared is based on constructed value. As no objection was raised, the court directs Commerce to correct this error on remand.

Second, plaintiffs allege that Commerce incorrectly calculated the USP base to which it applies the VAT rate. Plaintiffs assert that, in essence, duty drawback is added to the base, thereby increasing USP by the VAT on the duty drawback amount. Plaintiffs argue that duty drawback is not a real cost or price factor and should not be included in USP before the VAT rate is applied to achieve the adjustment.

Commerce argues that its methodology avoids creation of fictitious margins. That is, under plaintiffs' methodology products sold at truly comparable prices might be assigned a margin equal to the VAT on the duty drawback amount. Commerce asserts that FMV presumably includes duties paid on imported inputs and VAT on FMV therefore includes VAT on whatever duties are passed along. To achieve compara-

bility, commerce argues, the VAT adjustment to USP should be calculated on the duty drawback added, even though it is only loosely related to the duties included in FMV. *See Avesta I,* at 6.

Plaintiffs have not presented the court with any argument that this methodology violates the language of 19 U.S.C. § 1677a(d)(1)(C), or any other potentially applicable statutory provision. Accordingly, the adjustment would appear to be within Commerce's discretion.

Remand results are returnable within thirty days.